[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10717

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 12, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00278-CR-T-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY AARON SPURLOCK,
a.k.a. Fruitloop,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(April 12, 2006)**

Before TJOFLAT and COX, Circuit Judges, and GEORGE\*, District Judge.

PER CURIAM:

---

\*Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

The defendant, Jeffrey Aaron Spurlock, pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). He reserved, however, the right to appeal the district court's denial of his motion to suppress evidence seized during the warrantless search of the vehicle he was driving on the morning of August 1, 2003. As the defendant has acknowledged, the crux of his argument is that the district court clearly erred in finding, as truthful, the police officer's testimony regarding the traffic stop that resulted in his detention and the search of the vehicle. As we find that the district court did not err, we affirm.

We review for clear error the district court's factual findings underlying its ruling on a motion to suppress. *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999). The several details upon which the defendant relies---such as the officer's testimony that he observed the defendant attempt to conceal the crack pipe despite not recording this observation in the offense report--permit nothing more than unsupported speculation that the officer testified untruthfully. As we accept the factual findings as correct, we conclude that the officer had a reasonable suspicion to detain the defendant, which suspicion was supported by specific and articulable facts, taken together with reasonable inferences from those facts. *See United States v. Pruitt*, 174 F.3d 1215, 1219 (11th Cir. 1999). We

further conclude that the officer had probable cause to conduct the warrantless search of the automobile. *See Wyoming v. Houghton*, 526 U.S. 295, 300 (1999).

**AFFIRMED.**